IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARIS ROUSE, on behalf of himself and all others similarly situated,<br>206 Maple Street<br>Warminster, PA 18974<br><br>                Plaintiff,<br><br>      v.<br><br>COMCAST CORPORATION<br>500 Enterprise Road<br>Horsham, PA 19044<br><br>                Defendant. | NO.: _____<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Karis Rouse ("Plaintiff"), hereby brings this action against Defendant Comcast Corporation ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him and others similarly situated overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Plaintiff also initiates this action to redress violations by Defendant of 42 U.S.C. § 1981. Plaintiff asserts that he was unlawfully subject to discriminatory treatment and unlawful terminated because of his race.

1

2. Plaintiff is a former employee of Defendant who was employed as a Sales Representative at Defendant's Horsham, Pennsylvania facility. During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work in that Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

3. Plaintiff brings this action as a representative action under the FLSA, PMWA and WPCL for monetary damages, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This action is also initiated pursuant to a federal statute (42 U.S.C. Section 1981).

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

7. Plaintiff Karis Rouse currently resides at 206 Maple Street, Warminster, PA 18974.

8. Defendant Comcast Corporation maintains a principal place of business located at 500 Enterprise Road, Horsham, PA 19044.

9. Defendant is a "private employer" and covered by the FLSA.

10. Plaintiff is a previous employee who was employed by Defendant during all relevant times hereto and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

11. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

13. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Sales Representative or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class is hereinafter referred to as the "Class Plaintiffs").

14. Plaintiff estimates that there is in excess of one hundred (100) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied overtime compensation for hours worked in excess of 40 in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

15. Pursuant to 29 U.S.C. § 216 (b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of 40 in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures. Further, Defendant's willful policies and practices which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Plaintiff and Class Plaintiffs an overtime premium for all hours worked over (40) forty hours in a work week, has affected Plaintiff and the Class Plaintiffs in the same fashion.

16. Defendant willfully and unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and willfully and improperly failed to pay Plaintiff and Class Plaintiffs overtime compensation in accordance with the FLSA. Plaintiff and Class Plaintiffs are not exempt from receiving overtime benefits.

17. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of Sales Representative or in positions with similar job duties who were denied overtime compensation for work performed in excess of 40 hours in a work week

19. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

20. Pursuant to Federal Rule of Civil Procedure 23 (a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

    b. Whether Plaintiff and the Class worked in excess of 40 hours per week;

    c. Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

    d. Whether Defendant failed to pay Plaintiff and the Class wages and overtime wages in the period when said wages became due and owing in violation of the WPCL; and

    e. Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

21. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Sales Representative who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA and WPCL has affected Plaintiff and the Class in the exact same way.

22. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

23. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

24. Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    a. the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

    b. Defendant, by failing to pay overtime compensation when it is due and owing in violation of the PMWA and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    c. the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

25. A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.

The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL BACKGROUND

26. On January 1, 2010, Plaintiff was hired by Defendant as a Sales Representative. Plaintiff worked at Defendant's Horsham, Pennsylvania facility.

27. Plaintiff worked for Defendant on a full-time basis.

28. Plaintiff is a black (African American) male.

29. Plaintiff was subsequently promoted to the position of Sales Supervisor. From January 1, 2010 until March 2012, Plaintiff received positive performance evaluations, no discipline, praise for his work and the aforementioned job promotion.

### I.   Facts Pertaining to Plaintiff's Section 1981 Claims

30. In March 2012, Ms. Erin Kaighn was promoted to manager and became Plaintiff's direct supervisor. From the date Ms. Kaighn was promoted to the date of Plaintiff's termination from employment, Ms. Kaighn treated Plaintiff differently than the other Caucasian employees she managed.

31. While under the supervision of Mr. Kaighn, Plaintiff was subjected to discriminatory treatment and treated in a disparate manner with respect to the terms and conditions of his employment because of his race.

32. In June 2012, Ms. Kaighn placed Plaintiff on a Performance Improvement Plan ("PIP").

7

33. Upon information and belief, no other employees in Plaintiff's position had ever been placed on a PIP. Plaintiff was placed on a PIP even though his performance numbers and ratings were better than some of the other Caucasian employees who have the same position as Plaintiff. Plaintiff subsequently did well and completed the PIP.

34. Additionally, during one on one conversations Plaintiff had with Ms. Kaighn, she frequently made derogatory comments about one of Plaintiff's subordinates, Juliette Jackson, who is African American. For example, Ms. Kaighn commented once about Ms. Jackson that "you can't teach dumb" and that Ms. Jackson "can't speak English." Ms. Kaighn never made any derogatory comments about any Caucasian employees.

35. In September 2013, Ms. Kaighn began to have meetings with Plaintiff and two of Plaintiff's Caucasian colleagues who were employed in the same position as me. During the meetings, Ms. Kaighn would question Plaintiff about certain topics and manipulate Plaintiff's answers, but would not do the same to Plaintiff's Caucasian colleagues. During one of the meetings, Ms. Kaighn also told an offensive joke about a guy going to the bathroom.

36. Thereafter, Ms. Kaighn began scheduling one on one meetings with Plaintiff's subordinates. Ms. Kaighn did not schedule one on one meetings with any of the subordinates of the Caucasian employees employed in Plaintiff's position.

37. On October 16, 2013, Plaintiff was informed that his employment was being terminated because one of Plaintiff's subordinates was allegedly coming in to work before his starting time and working. The other Caucasian employees in Plaintiff's position have had employees who they supervise who have come in before their scheduled shift and/or worked after their shift ended and they were not disciplined or terminated. It is Plaintiff's understanding that employees of Defendant are still beginning work before their scheduled shift start times and

working after their scheduled shift ends, but the Caucasian supervisors who manage them have not been disciplined and/or terminated.

38. Upon Information, Plaintiff was replaced by a Caucasian individual.

## II. Facts Pertaining to Plaintiff's FLSA, PMWA and WPCL Claims

39. Upon information and belief, Defendant employs in excess of one hundred (100) other individuals in the position of Sales Representative at its Horsham, Pennsylvania facility.

40. Plaintiff and Class Plaintiffs job duties were the same, which predominantly included initiating and answering phone calls in an effort to sell Defendant's products.

41. Plaintiff routinely worked in excess of 40 hours per week as a Sales Representative.

42. Class Plaintiffs routinely worked in excess of 40 hours per week.

43. Plaintiff routinely performed work before and after his scheduled shift without compensation during his employment as a Sales Representative. In this regard, Plaintiff would routinely arrive before his scheduled shift and perform compensable work prior to clocking-in for his scheduled shift. At the end of his shift, Plaintiff would clock-out and continue to perform compensable work for Defendant.

44. Plaintiff's supervisors were well aware of and authorized Plaintiff's performance of compensable work before he clocked-in and after he clocked-out.

45. Class Plaintiffs routinely performed work before and after their scheduled shift without compensation. In this regard, Class Plaintiffs would routinely arrive before their scheduled shifts and perform compensable work prior to clocking-in for their scheduled shifts. At the end of their shifts, Class Plaintiffs would clock-out and continue to perform compensable work for Defendant.

46. Class Plaintiffs' supervisors were well aware of and authorized Class Plaintiffs performance of compensable work before they clocked-in and after they clocked-out

47. Despite the fact that Plaintiff and Class Plaintiffs worked in excess of 40 hours per week, Plaintiff and Class Plaintiffs did not receive overtime compensation for all work performed in excess of 40 hours per week.

48. Defendant misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and therefore determined that Plaintiff and Class Plaintiffs were not entitled to overtime compensation.

49. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week.

50. Plaintiffs and the Class performed the aforementioned compensable work and services pursuant to the request of the agents, servants, and employees of LVH.

51. By performing the work and services for Defendant, Plaintiff and the Class Plaintiffs conferred a benefit to Defendant.

52. Despite requesting the aforementioned work and services to be performed and receiving the benefits of said work and services, Defendant has failed to compensate Plaintiff and the Class Plaintiffs for all the compensable work and services rendered.

53. Accordingly, Plaintiff and the Class Plaintiff are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

54. As a result of Defendant's aforesaid illegal actions, Plaintiff and the Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARD ACT
## 29 U.S.C. § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

55.     Plaintiff incorporates herein by reference paragraphs 1 through 54 as though same were fully set forth at length herein.

56.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

57.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

58.     According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs worked in excess of (40) forty hours per week.  Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week.

59.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

60.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

61.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216 (b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.   An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.   An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Sales Representative and/or positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

C.   Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.   Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff and Class Plaintiffs for work performed in excess of (40) forty hours per week;

E.   Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.   Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.   Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.   Awarding pre and post-judgment interest and court costs as further allowed by

law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333 *et seq.*

62. Paragraphs 1 through 61 are hereby incorporated by reference as though same were fully set forth at length herein.

63. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

64. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" four hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

65. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

66. As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.  An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.  An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.  An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.  An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

67.  Paragraphs 1 through 66 are hereby incorporated by reference as though same were fully set forth at length herein.

68.  The foregoing actions and/or omissions of Defendant constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con Stat. § 260.1 *et seq.*

**WHEREFORE,** Plaintiff prays for relief on behalf of himself and the Class to the fullest extent permitted by law including, but not limited to, unpaid wages and liquidated damages, and the award of any and all damages Plaintiff and the Class are entitled to under applicable law.

## COUNT IV
## VIOLATIONS OF 42 U.S.C. § 1981
### (Race Discrimination)

69.  Paragraphs 1 through 68 are hereby incorporated by reference as though same were fully set forth at length herein.

70.  Plaintiff avers that Defendant discriminated against him with respect to the terms

and conditions of his employment, and terminating his employment, on account of his race. Plaintiff seeks relief for these adverse actions.

71. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1) Back wages and front pay in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

(2) Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount to be determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(3) Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

(4) Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just and proper, including, but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

(5) Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(6) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(7) Pre-judgment interest in an appropriate amount; and

(8) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael P. Murphy, Jr., Esquire
1760 Market Street, Suite 1201
Philadelphia, PA 19103
TEL: 215-375-0961
FAX: 215-587-9930
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated:   February 25, 2014

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiff's employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.