IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARIS ROUSE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.:   14-1115 |
| | : | |
| **COMCAST CORPORATION,** | : | |
| **Defendant.** | : | |

**PRELIMINARY APPROVAL ORDER**

**AND NOW**, this __28th__ day of January, 2015, upon consideration of the Joint Motion for an Order Certifying the Class for Settlement Purposes Only and Granting Preliminary Approval of the Joint Stipulation of Settlement and Release, Class Notice, and Opt-Out Form (ECF No. 42), the Court having reviewed such motion and the Joint Stipulation of Settlement and Release (the "Agreement") attached thereto, and the supporting papers submitted therewith, it is **ORDERED** that the motion is **GRANTED** as follows:[1]

1. The Court determines that supplemental jurisdiction exists over the state law claims asserted by Plaintiff, on behalf of himself and the putative class members, in the Amended Class and Collective Action Complaint pursuant to 28 U.S.C. § 1367(a).[2]  The state law claims are factually so closely related to the FLSA claims of the Plaintiff and there is a such substantial overlap in the identity of the FLSA

---

[1] On November 24, 2014, the Parties consented that the undersigned will conduct all proceedings in this matter in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 37).

[2] In his Amended Class and Collective Action Complaint, Plaintiff asserted claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Pennsylvania Minimum Wage Act, 43 Pa. Con. Stat. § 333.104, *et seq.*; and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. § 260.1, *et seq.*

      putative class and putative members of the state law class that they form part of the same case or controversy under Article III of the United States Constitution. All federal and state claims alleged form a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience, and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

2. The Court gives preliminary approval to the Agreement as being fair, reasonable, adequate, and in the best interest of the Plaintiff and all putative members of the Settlement Class (as defined below); and the Court further finds that effecting a settlement of the Settlement Class members' claims as set forth in the Agreement is the most expeditious, efficient, and fair means of resolving such claims.

3. The Court further determines, for settlement purposes only, the following: (a) the Business Sales Representatives employed at Comcast's facility in Horsham, Pennsylvania, are "similarly situated," within the meaning of 29 U.S.C. § 216(b); (b) the proposed Settlement Class satisfies all the requirements of Rule 23 and is maintainable under Rule 23(b)(3); (c) the proposed class representative and Settlement Class counsel are adequate; and (d) there is a sufficient unity of interest among the Settlement Class members to support the certification of the class for settlement purposes in accordance with the Agreement.

4. The Court therefore certifies in accordance with the Agreement, and for purposes of settlement only, the following Settlement Class:

> All Business Sales Representatives employed by Comcast
> Cable Communications Management, LLC, at its Horsham,

        Pennsylvania, facility for at least one day between February 25, 2011, and January 28, 2015.

5. The Court appoints Karis Rouse as the Settlement Class representative.

6. The Court appoints Murphy Law Group, LLC as Settlement Class counsel.

7. The Court appoints RG/2 Claims Administration LLC as claims administrator.

8. The Court approves the form of the class notice and exclusion/opt-out form attached to the Parties' Agreement.  The class notice is to be mailed by the claims administrator, by first class mail, to the members of the Settlement Class at their last known address within ten (10) days of the date of this Order.

9. All executed exclusion/opt-out forms are to be mailed to the claims administrator, in accordance with the Agreement.  Settlement Class members shall be provided thirty (30) days from the date of mailing the class notice to return their exclusion/opt-out form.

10. A final approval hearing (the "Settlement Hearing") is set for <u>April 9th, 2015</u>, at 10 a.m., in Courtroom 3E, United States Courthouse, 601 Market Street, Philadelphia, PA, 19106, to determine whether the settlement is fair, reasonable and adequate and should be finally approved.

11. Any Settlement Class member may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Agreement should not be approved as fair, adequate, and reasonable, or why a final judgment dismissing the action against Defendant with prejudice should or should not be entered.  No Settlement Class member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by

the Court, unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before the March 26th, 2015, upon the following:

|  |  |
|---|---|
| Michael Murphy, Esquire | Jason E. Reisman, Esquire |
| Murphy Law Group, LLC | Joseph J. Centeno, Esquire |
| One Penn Center, Suite 1230 | Terri Gillespie, Esquire |
| 1617 John F. Kennedy Blvd. | Obermayer Rebmann Maxwell & Rippel |
| Philadelphia, PA 19103 | LLP |
|  | 1617 John F. Kennedy Blvd., 19th Floor |
|  | Philadelphia, P A 19103 |

12. Any member of the Settlement Class who does not make and serve his or her written notice and objections in the manner provided above shall be deemed to have finally waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Agreement.

13. The Parties' written submissions in support of final Court approval of the Agreement, and any requests related thereto, shall be filed with the Court no later than the April 2nd, 2015.

14. In the event no objections are raised to the Agreement, the Court reserves the right to adjourn the Settlement Hearing and base its decision regarding final approval of the Agreement, and any requests related thereto, on the written submissions of the parties.

**BY THE COURT:**

                                                   __/s/ Lynne A. Sitarski__  
                                                   **LYNNE A. SITARSKI**  
                                                   **United States Magistrate Judge**